1

2

3

4

5

6

7

8            IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   DARREN HENDERSON,

11            Plaintiff,              No. CIV S-06-1920 LKK DAD P

12        vs.

13   T. FELKNER,

14            Defendant.              FINDINGS AND RECOMMENDATIONS

15   _____/

16            Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42

17   U.S.C. § 1983 and has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915.

18   This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule

19   72-302 and 28 U.S.C. § 636(b)(1).

20            The court is required to screen complaints brought by prisoners seeking relief

21   against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C.

22   § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

23   claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

24   granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28

25   U.S.C. § 1915A(b)(1) & (2).

26   /////

1

1        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

2  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

3  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

4  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

5  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

6  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

7  Cir. 1989); Franklin, 745 F.2d at 1227.

8        A claim should be dismissed for failure to state a claim upon which relief may be

9  granted only if it appears beyond doubt that plaintiff can prove no set of facts in support of the

10  claim that would entitle him to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing

11  Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651

12  F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must

13  accept as true the allegations of the complaint.  See Hospital Bldg. Co. v. Rex Hosp. Trustees,

14  425 U.S. 738, 740 (1976).  The court must also construe the pleading in the light most favorable

15  to the plaintiff and resolve all doubts in the plaintiff's favor.  See Jenkins v. McKeithen, 395 U.S.

16  411, 421 (1969).

17        In his complaint plaintiff claims that his rights under the Fourteenth Amendment

18  have been violated because he has not been transferred to a facility located closer to his family.

19  Plaintiff is currently incarcerated at High Desert State Prison.  Plaintiff alleges that at his annual

20  classification hearing, he provided a letter from his mother's doctor confirming that his mother is

21  too ill to travel far from her home in the Los Angeles area.  Accordingly, plaintiff sought to be

22  transferred to the general population at California State Prison - Lancaster or North Kern State

23  Prison in Delano, both level IV facilities.  Warden Felkner at High Desert State Prison is the only

24  named defendant in this action.

25        The court will recommend that this civil rights action be dismissed.  The court is

26  not unsympathetic to plaintiff's efforts to maintain family contact; however, prison inmates do

2

1  not have a constitutional right to be incarcerated at a particular correctional facility or to be

2  transferred from one facility to another.  See Meachum v. Fano, 427 U.S. 215, 224-25 (1976).

3         On August 25, 2006, plaintiff filed a motion for leave to proceed in forma

4  pauperis.  The motion should be denied because this civil rights action fails to state a civil rights

5  claim upon which relief may be granted.  See 28 U.S.C. § 1915(e)(2).  In addition, in light of

6  these findings and recommendations, plaintiff's December 11, 2006 motion to compel an answer

7  should be denied.

8         Accordingly, IT IS RECOMMENDED that:

9         1. This action be dismissed for failure to state a cognizable claim;

10        2.  Plaintiff's August 25, 2006 motion for leave to proceed in forma pauperis be

11 denied; and

12        3.  Plaintiff's December 11, 2006 motion to compel an answer be denied.

13        These findings and recommendations are submitted to the United States District

14 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

15 days after being served with these findings and recommendations, plaintiff may file written

16 objections with the court.  The document should be captioned "Objections to Magistrate Judge's

17 Findings and Recommendations."  Plaintiff is advised that failure to file objections within the

18 specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951

19 F.2d 1153 (9th Cir. 1991).

20 DATED: April 2, 2007.

21

22                       _Dale A. Drozd_

23                       DALE A. DROZD

                      UNITED STATES MAGISTRATE JUDGE

24 DAD:4
   hend1920.56

25

26